**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SUPASTAR WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-1571-RWS |
| | ) | |
| PETER DOWNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Supastar Ware's application to proceed in district court without prepayment of fees and costs. Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the application and order Plaintiff to pay the full filing fee.

**28 U.S.C. § 1915(g)**

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if they have filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of the Court's files shows that Plaintiff previously brought three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. *See Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *Ware v. Foley*, No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr.*, No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *see also Ware v. Missouri Dep't of Corr.*, No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1983(g)); *Ware v. Galibert*, No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (same). Therefore, the Court cannot permit Plaintiff to proceed in forma pauperis absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff brings this action under 42 U.S.C. § 1983 against nine Defendants employed by the Missouri Department of Corrections (MDOC). The Court has reviewed Plaintiff's claims and determined that the allegations in Plaintiff's Complaint are not causing him to be under imminent danger of serious physical injury as required to trigger the exception to the three-strike rule. Because Plaintiff's complaint does not fall under this exception to § 1915(g), the Court will deny Plaintiff's application to proceed in district court without prepayment of fees and costs. Plaintiff shall pay the $405 filing fee within 21 days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **DENIED**. (Doc. 2)

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 7th day of October, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE